## No. 12,726.

### STATE OF LOUISIANA VS. JACK BRITTIN.

The power to grant a change of venue is, in great part, confided to the District Court. His refusal to change the *venire* will not be reversed unless it is clearly shown that it was erroneous.

An objection to the manner of drawing a *venire* can not be successfully made by one under accusation, unless made on the first day of the week for which the *venire* was drawn.

A motion to annul and set aside the *venire* made by a defendant in one case can not be made available by another defendant in another case. State vs. Courtney, 28 An. 794; State vs. McCoy, 29 An. 593; State vs. Washington, 33 An. 897.

A PPEAL from the Twenty-first Judicial District Court for the Parish of Jefferson.   *Rost, J.*

*M. J. Cunningham*, Attorney General, and *Robert J. Perkins*, District Attorney, for Plaintiff, Appellee.

*Wm. L. Thompson* for Defendant, Appellant.

State vs. Brittin.

Argued and submitted January 29, 1898.
Opinion handed down February 21, 1898.

The opinion of the court was delivered by

BREAUX, J.   An indictment for murder was returned against the defendant on the 9th of December, 1896.   He was twice placed on trial.   At the first trial the jury failed to agree; the result of the second trial was a verdict of manslaughter.   He was sentenced to a service of six years in the State penitentiary.   From the verdict and sentence he appeals.

In the District Court, on the tenth day of December, 1896, the accused moved for a change of venue.

In April following he withdrew his plea of " not guilty," which had been previously entered, and entered a motion to quash the indictment on the ground that a judgment had been rendered in the matter of Waggner vs. Marrero, quashing and setting aside the entire jury *venire* for the term at which he had been indicted.

The refusal of the court to grant a change of venue gave rise to the first objection presented for our decision.

The accused in the motion alleged that there was a strong and violent prejudice against negroes in the parish in which he was indicted, and that he being of that race would not obtain a fair and impartial trial in that parish.   The testimony of a number of witnesses was taken on the motion for a change of venue, and newspapers published in the city of New Orleans were filed containing articles calling public attention to the lawless conduct of men in different localities.   Witnesses testified that it had become common and was felt in many places.   We read the testimony with the closest attention we could bring to bear.

We closed the transcript despite the deplorable acts shown to have been committed, not convinced that there were not men enough in the parish to select, in the manner pointed out by law, a jury that would give a fair trial to an accused colored man.

The first jury empaneled did not agree, and a mistrial was entered. The second trial resulted in a verdict for manslaughter.   A number of the witnesses swore that a jury could be found that would reiurn a fair and impartial verdict.

The trial judge saw and heard these witnesses, and by his refusal to change the venue made it manifest that he believed their testimony.

We have not found that he erred. The matter of change of venue is largely addressed to the sound discretion of the trial court. It was not clearly shown that it was abused. State vs. Gonsoulin, 38 An. 459.

This court said, in State, vs. White, 30 An. 365: " As a general proposition it is true that a change of venue in a criminal cause is confided to the discretion of the District Judge exclusively, whose decision upon its propriety, rightfulness and necessity is final." Citing State vs. Bunger, 11 An. 607. There is no necessity in this case to give to the discretion of the trial judge so unlimited a scope.

In our judgment the application is within the general rule, and the ruling does not call for the interference of this court.

A prejudice extending as far as charged and sworn to by some of the witnesses, is negatived and rebutted by the testimony of other witnesses, by the verdict of one jury, and by the weight to which the finding of the trial judge is entitled.

This brings us to the second objection set forth in defendant's motion to quash the indictment, filed at a term subsequent to the term he was indicted—that is, April, 1897, a number of judicial days after the indictment against him had been returned.

The position was substantially that the ground for quashing the *venire* on the motion of the defendant in one case can be made available by another defendant in another case. The motion in Waggner vs. Marrero, to challenge and set aside the general *venire* of jurors was filed on the first day of the December term of 1896, on a number of grounds.

. The court sustained the motion and declared the general *venire* null.

The accused through counsel contends that the true bill in his case should be quashed and set aside for reasons set forth in the judgment rendered annulling the general *venire*.

The reason for sustaining the motion to quash and annuling the general *venire* in the cited cases *supra* was that the jury commissioners did not meet at the clerk's office within the time and in the manner directed by Sec. 5 of the Act of 1896, and that these commissioners could not, as they did, legally at one and the same meeting select the general *venire* list and draw the panel for the jury term.

It remains for us to determine whether (the grand jury having been declared an illegal body in another case on a motion to set

aside the general *venire*) the true bill found against the defendant is a nullity.

The statute provides "that all objections to the manner of selecting juries or to any defect or irregularity that can be pleaded against any array or *venire* must be urged on the first day of the term, or all such objections shall be considered as waived, and shall not afterward be urged."

The defendant not having availed himself of the right to challenge the court is without authority to determine that the objection is not waived. The statute is positive and clear that all defects or irregularities not raised on the first day of the term shall be considered waived, and the decisions have always held that one in custody or against whom a prosecution is pending must file such a motion in due time. The defendant had the opportunity to challenge the array.

The following excerpt is from Thompson and Merriam on Juries, Sec. 545. "This and other American courts uniformly held that, where the right of challenge exists, one held in custody or to answer before indictment can object to the panel or to the individual grand jurors only by way of challenge."

Here we have seen the right to challenge exists, but it is limited to a time stated and if not made within the time it is considered waived.

A similar point was decided in State vs. Courtney, 28 An. 794. The court held: the defendant should himself have made the objection at the proper time.

In State vs. Washington, 33 An. 897, the court said:

"But such objection urged only after plea and trial and on a motion for a new trial comes too late."

In our judgment effect must be given to the "statutory waiver." It is as out of season after the first day of the term as it is after the verdict has been rendered; save in exceptional cases such as that the accused was not under charge on the first day of the term, which was not the case here. The defendant was under accusation. There is nothing in the statute which can be construed as embracing other than the one by whom the challenge to the array is interposed. If it were otherwise, although the challenger were to succeed in having the *venire* annulled on grounds entirely personal to himself other accused though silent, when they should have moved, would be included within the terms and effect of the annulling order.

Again:

If no one were to file a challenge to the array on the first day of the term, no objection could be urged on the ground of irregularity in drawing of the *venire*. But if one challenged the array and met with success, all would be equally relieved under the theory of defendant. The accused has not alleged that this cause was injuriously affeced by the irregularity complained of by a litigant in a civil suit on whose motion the *venire* was set aside. He based his motion to quash the indictment in his case exclusively on the fact that the *venire* had been declared null in a civil suit. In our judgment it devolved upon him to show in so far as he was concerned wherein there was any informality or irregularity in the drawing. It may happen that informalities are fatal to the *venire* out of which a jury is to be selected to hear and decide a cause in a civil suit and not fatal as relates to an indictment found by the grand jury selected from the *venire* annulled in the civil suit.

" So that irregularities therein unless plainly operating to the prejudice of the challenging party form no ground for challenging the array. Thompson on Trials, par. 34.

The objection which should be urged on the first day of the term is to the *formation*, drawing and summoning of the second jury.

For other defects the rule does not apply.

It has been held that the incompetency of one of the grand jurors vitiates the act of indictment, and the motion to quash will prevail after the first day of the term; it will not prevail to set aside the general *venire* after that day.

In the case here not only the motion was not made on the first day of the term, but the motion to quash the indictment on grounds before stated was made weeks after the indictment had been found and after the change of venue had been refused.

As we interpret the jurisprudence upon the subject it was entirely too late.

We did not find that the sections of the work of Mr. Bishop on Criminal Proceedings, to which our attention was invited, apply. He in those sections interprets the different statutory enactments in jurisdictions where challenges to the array are not limited to the first day of the term.

Under the common law, as we find it, the plea in abatement to the indictment was not allowed as a substitute to the challenge to the

State ex rel. Oil Mills Co. vs. Judge and Leathers et als.

array. Pars. 509, 510, Thompson and Merriam on Juries. But whether allowed or not, at common law it can not be of any avail, as authority when filed too late, as here, in view of the statutes requiring challenges to the array on grounds before stated, to be filed on the first day of the term.

The verdict, sentence and judgment in this case are therefore affirmed.